IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NATHAN PEAIRS                                                                                  PLAINTIFF

V.                                                                                   NO. 4:10CV0163-P-S

CHRISTOPHER EPPS, et. al                                                                   DEFENDANTS

## REPORT AND RECOMMENDATION

On August 25, 2011, the plaintiff, an inmate currently in the custody of the Mississippi Department of Corrections, appeared before the court for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his complaint filed under 42 U.S.C. § 1983.

In his complaint, the plaintiff alleged a claim for denial of adequate medical care. Specifically, the plaintiff stated that in 2008 he developed and was diagnosed with a hernia. He was treated by Dr. Trinca. Since that time, the plaintiff claimed he has not received any treatment for the hernia despite numerous requests. Further, the plaintiff submitted that he is in constant pain and now suffers from migraine headaches which he attributes to the hernia. For relief, the plaintiff is seeking an order requiring the defendants to provide him with medical treatment for the hernia.

## RESPONDEAT SUPERIOR

The plaintiff has named three defendants, (1) Commissioner Christopher Epps, (2) Dr. Heinz Schafer, and (3) Dr. Trinca. At the *Spears* hearing, the plaintiff essentially admitted that Epps and Schafer were being sued for their roles as supervisors. It is well settled that a state actor cannot be liable absent any personal involvement in the events which gave rise to the civil action. *Sanders-Burns v. City of Plano*, 578 F.3d 279, 290 (5th Cir. 2009) (the doctrine of respondeat superior is not cognizable in 1983 actions). Absent the requisite personal involvement, the plaintiff has failed to state a claim against Defendants Epps and Schafer and they should be dismissed.

The plaintiff also admitted that Dr. Trinca should not have been named a defendant because he was actually helpful getting a diagnosis. Instead, the plaintiff intended that Dr. Trinca only be listed as a witness. For this reasons, Dr. Trinca should also be dismissed.

## CONCLUSION

It is the recommendation of the undersigned, therefore, that defendants Epps, Schafer, and Trinca be dismissed.

The court, *sua sponte*, grants the plaintiff thirty (30) days to amend the allegations of his complaint and add any defendants who actively participated in or who may be responsible for the alleged denial of medical treatment.

## OBJECTIONS

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.1(C) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Assoication*, 79 F.3d 1415 (5th Cir. 1996).

The Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. The Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under Fed. R. Civ. P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 25th day of August, 2011.

/s/ David Sanders
UNITED STATES MAGISTRATE JUDGE