IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

NATHAN PEAIRS                                                                                    PLAINTIFF

V.                                                            CIVIL ACTION NO.4:10CV163-WAP-DAS

CHRISTOPHER EPPS, et al.                                                                DEFENDANTS

## SUPPLEMENTAL REPORT AND RECOMMENDATION

The plaintiff in this action has alleged that he has been denied medical care. On August 25, 2011, the undersigned issued a report and recommendation following the *Spears* hearing that recommended that the action be dismissed as to Commissioner Epps and Dr. Heinz Schafer pursuant to *Monell v. Department of Social Services*, 436, U.S. 658 (1978). The plaintiff indicated at that time that he wished to dismiss Dr. Trinca, as he had been helped the plaintiff and the plaintiff meant to list him as a witness, not a defendant. The report and recommendation granted the plaintiff thirty days in which to amend his complaint to name the responsible party or parties.

The plaintiff has filed a motion to amend his complaint which seeks to again list Drs. Schafer and Trinca, along with Drs. Kim, Santos and Burke as defendants in this action. The plaintiff was diagnosed by one of the doctors as having a hernia. Dr. Schafer has not been personally involved in the plaintiff's medical care and cannot be liable under *Monell* for his role as a supervisor of the other doctors. Additionally he can have no liability for his handling of plaintiff's grievance. The law requires that inmates must exhaust any administrative procedures as are established within the prison system. 42 U.S.C. § 1997e(a). However no prison system is required to establish grievance procedures, and inmates cannot sue because they are unhappy with either the grievance procedures or the outcome of any particular grievance. 42 U.S.C.

1997e(b).  *Geiger v. Gowers,* 404 F. 3d 371, 374 (5th Cir. 2005).  The complaint against Dr. Schafer should be dismissed with prejudice.

Drs. Trinca, Santos and Burke have all personally treated Peairs.  Each doctor has restricted his activities and/or prescribed a support to manage the hernia.  The plaintiff claims these supports have been confiscated by unnamed guards.  Peairs attached an article stating the primary treatment of hernias is surgery.  He faults all the doctors for not ordering surgical treatment of the hernia.

While the state has "an obligation to provide medical care for those whom it is punishing by incarceration," *Estelle v. Gamble*, 429 U.S. 97 (1976), it is not liable for simple carelessness, inadvertent failure to provide appropriate medical care, nor even a deliberate failure to conform to a standard suggested by experts.  *Id*. at 105-109.  Prisoners may recover only for violation of their constitutional rights.  "The Constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves, nor the therapy that Medicare and Medicaid provides for the aged or the needy."  *Barksdale v. King*, 699 F.2d 744, 748 (5th Cir. 1983).  The Constitution only prohibits "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs."  *Estelle*, 429 U.S. at 106.  Only this level of indifference can amount to "unnecessary and wanton infliction of pain."  *Id.* at 105, (quoting *Gregg v. Georgia*, 428 U.S. 153, 182-183 (1976)).  "It is only such indifference that can offend 'the evolving standards of decency' in violation of the Eighth Amendment."  *Estelle,* 429 U.S. at 106.

The original complaint and proposed amended complaints allege nothing more than the plaintiff's disagreement and dissatisfaction with the course of treatment selected by these

2

physicians. This does not amount to negligence, much less deliberate indifference.

The undersigned recommends that the motion to amend be denied as futile and the case dismissed with prejudice.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections must be in writing and must be filed within fourteen days of this date. Failure to timely file objections to the proposed findings and recommendations will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions that are accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

SO ORDERED this the 20th day of December, 2011.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE